■ AUGUSTIN J. SAN FILIPPO, Appellant, v ALBERT ALLEN HOBBS, Formerly Known as ALBERT ALLEN HOBBS SAN FILIPPO, Respondent. [917 NYS2d 585]—

In an action pursuant to RPAPL article 15 to determine claims to real property, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Rebolini, J.), entered May 22, 2009, which, upon an order of the same court dated February 27, 2009, denying the plaintiff's motion for summary judgment on the complaint, and granting the defendant's cross motion for summary judgment dismissing the complaint and on the first counterclaim, is in favor of the defendant and against him dismissing the complaint, in effect, declared that the defendant possesses a valid interest in the subject property as described in a judgment of divorce dated April 12, 1977, directed him, inter alia, to execute a last will and testament or codicil devising the subject property to the defendant, and permanently enjoined him from, among other things, encumbering, selling, or devising the subject property to anyone other than the defendant.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly held that the instant action challenging a stipulation of settlement, merged into a judgment of divorce dated April 12, 1977, on the basis of alleged misconduct by the plaintiff's former wife in securing the judgment of divorce, was an improper collateral attack upon the judgment of divorce (see Rainbow v Swisher, 72 NY2d 106, 109 [1988]; Vest v Vest, 50 AD3d 776 [2008]; Cramer v Sabo, 31 AD3d 998 [2006]; Cooper v Cooper, 179 AD2d 1035 [1992]). Moreover, had the plaintiff properly asserted his claim of misconduct by a motion pursuant to CPLR 5015 (a) (3), it would be barred by the doctrine of laches (see Amsterdam Sav. Bank v City View Mgt. Corp., 45 NY2d 854, 856 [1978]; Sieger v Sieger, 51 AD3d 1004 [2008]). In any event, had the stipulation been incorporated, but not merged, into the judgment, the action would be time-barred (see CPLR 213 [1], [2]).

Given the plaintiff's concession that he violated the terms of the judgment of divorce by, among other things, executing a will which does not devise the subject premises to the defendant, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment on his counterclaim for permanent injunctive relief (see Elow v Svenningsen,

58 AD3d 674 [2009]). Covello, J.P., Chambers, Lott and Cohen, JJ., concur. **[Prior Case History: 23 Misc 3d 1134(A), 2009 NY Slip Op 51071(U).]**