■ RUSSELL CARBONE, Appellant, v DEUTSCHE BANK NATIONAL TRUST COMPANY, Respondent. [44 NYS3d 147]—

In an action pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Sampson, J.), dated July 3, 2014, which granted the defendant's motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint and denied his cross motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

In a prior foreclosure action commenced by the defendant, Deutsche Bank National Trust Company (hereinafter the Bank), the mortgagor, Purcell Conway, neither appeared in the action nor interposed an answer. Upon Conway's default, a judgment of foreclosure and sale of certain real property located in Far Rockaway (hereinafter the subject property), was entered. Thereafter, Conway moved, inter alia, to vacate his default. The Supreme Court denied that branch of the motion, finding that Conway failed to establish a reasonable excuse for his default and a potentially meritorious defense. This Court affirmed (*see Deutsche Bank Natl. Trust Co. v Conway*, 99 AD3d 755 [2012]).

Approximately three years after entry of the judgment of foreclosure and sale, Conway executed a quitclaim deed to the subject property in favor of a company owned by the plaintiff, Russell Carbone, which, in turn, executed a quitclaim deed to the property in favor of Carbone. Thereafter, Carbone commenced this action pursuant to RPAPL article 15 to quiet title to the subject property, alleging, inter alia, that the judgment of foreclosure and sale was void. The Bank moved pursuant to CPLR 3211 (a) (1) to dismiss the complaint, and Carbone cross-moved for summary judgment on the complaint. The Supreme Court granted the motion and denied the cross motion.

To maintain an equitable quiet title claim, a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title, such as a deed or other instrument, that is actually invalid or inoperative (*see* RPAPL 1515; *Acocella v Wells Fargo Bank, N.A.*, 139 AD3d 647, 649 [2016]; *Acocella v Bank of N.Y. Mellon*, 127 AD3d 891, 892-893 [2015]). A motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint based on documentary evidence may be appropriately granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Jahan v U.S. Bank N.A.*, 127 AD3d 926 [2015]).

Here, by submitting the judgment of foreclosure and sale and other documents from the prior foreclosure action, the Bank established that it had a defense founded upon documentary evidence, namely, that Carbone took the property subject to a valid judgment of foreclosure and sale (*see Froehlich v Town of Huntington*, 159 AD2d 606, 607 [1990]; *Bova v Vinciguerra*, 139 AD2d 797, 799 [1988]), and that the instant action is an improper collateral attack upon the judgment (*see*

*San Filippo v Hobbs*, 81 AD3d 918, 918 [2011]). Thus, the Bank conclusively disposed of the plaintiff's causes of action as a matter of law (*see Ciraldo v JP Morgan Chase Bank, N.A.*, 140 AD3d 912, 913 [2016]). Accordingly, the Supreme Court properly granted the Bank's motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint and properly denied Carbone's cross motion for summary judgment on the complaint. Dillon, J.P., Dickerson, Maltese and Duffy, JJ., concur.