■ BANK OF NEW YORK MELLON, as Trustee for STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR8 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR8, Appellant, v ANNA SHTERENBERG, Respondent, et al., Defendants. [61 NYS3d 304]—In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated June 26, 2015, which denied its motion to vacate an order of the same court dated October 8, 2013, sua sponte directing dismissal of the complaint as abandoned pursuant to CPLR 3215 (c), and to restore the action to the trial calendar.

Ordered that the order dated June 26, 2015, is reversed, on

the law, with costs, and the plaintiff's motion to vacate the order dated October 8, 2013, and to restore the action to the trial calendar is granted.

In July 2008, the plaintiff commenced this mortgage foreclosure action and, by order dated November 26, 2010, the Supreme Court granted the plaintiff's ex parte motion for an order of reference. By order dated October 8, 2013, following further proceedings, the court, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215 (c). In March 2015, the plaintiff moved to vacate the order dated October 8, 2013, and to restore the action to the trial calendar, arguing, inter alia, that the issuance of new mortgage review requirements by the Office of Court Administration had caused extensive and unforeseen delays in the foreclosure proceedings. The Supreme Court denied the motion. We reverse.

The Supreme Court erred in, sua sponte, directing dismissal of the complaint pursuant to CPLR 3215 (c). "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*Onewest Bank, FSB v Fernandez*, 112 AD3d 681, 682 [2013] [internal quotation marks omitted]; *see HSBC Bank USA, N.A. v Alexander*, 124 AD3d 838, 839 [2015]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 817 [2013]). There were no extraordinary circumstances warranting dismissal of the complaint (*see HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817). In November 2010, when the Supreme Court granted the plaintiff's ex parte motion for an order of reference (*see* RPAPL 1321 [1]), the preliminary step toward obtaining a default judgment of foreclosure and sale was initiated, and therefore, the action was not abandoned (*see* CPLR 3215 [c]; *Klein v St. Cyprian Props., Inc.*, 100 AD3d 711, 712 [2012]). Rivera, J.P., Leventhal, Austin and Christopher, JJ., concur.