In an action pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Lane, J.), entered May 19, 2015, which granted the defendant’s motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint and denied his cross motion for summary judgment on the complaint.
 

 Ordered that the order is affirmed; and it is further,
 

 Ordered that on the Court’s own motion, the parties are directed to show cause why an order should or should not be made and entered imposing sanctions and/or costs, if any, including appellate counsel fees, against the plaintiff pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue, including the amounts of legal fees incurred by the defendant in connection with this appeal, in the office of the Clerk of this Court and serving one copy of the same on each other on or before January 12, 2018; and it is further,
 

 Ordered that the Clerk of this Court, or her designee, is directed to serve the respective parties with a copy of this decision and order by regular mail; and it is further,
 

 Ordered that one bill of costs is awarded to the defendant.
 

 In a prior foreclosure action commenced by the defendant, US Bank National Association (hereinafter the Bank), against the mortgagor, Vena Fuller-Watson, the Supreme Court granted the Bank’s motion for summary judgment and an order of reference. A judgment of foreclosure and sale was entered, without opposition, on October 4, 2011. Approximately 14 months after entry of the judgment, Fuller-Watson executed a quitclaim deed to the subject property in favor of the plaintiff, Russell Carbone. Thereafter, Carbone commenced this action pursuant to RPAPL article 15 to quiet title to the subject property, alleging, inter alia, that the judgment of foreclosure and sale was void. The Bank moved pursuant to CPLR 3211 (a) (1) to dismiss the complaint, and Carbone cross-moved for summary judgment on the complaint. The court granted the motion and denied the cross motion. Carbone appeals.
 

 To maintain an equitable quiet title claim, a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title, such as a deed or other instrument, that is actually invalid or inoperative (see RPAPL 1515; Carbone v Deutsche Bank Natl. Trust Co., 145 AD3d 848, 849 [2016]; Acocella v Wells Fargo Bank, N.A., 139 AD3d 647, 649 [2016]; Acocella v Bank of N.Y. Mellon, 127 AD3d 891, 892-893 [2015]). A motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint based on documentary evidence may be appropriately granted “only where the documentary evidence utterly refutes plaintiff’s factual allegations, conclusively establishing a defense as a matter of law” (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see Carbone v Deutsche Bank Natl. Trust Co., 145 AD3d at 849; Jahan v U.S. Bank N.A., 127 AD3d 926 [2015]).
 

 Here, as in Carbone v Deutsche Bank Natl. Trust Co., a case involving the same plaintiff and almost identical facts, by submitting the judgment of foreclosure and sale and other documents from the prior foreclosure action, the Bank established that it had a defense founded upon documentary evidence; namely, that Carbone took the property subject to a valid judgment of foreclosure and sale, and that the instant action is an improper collateral attack upon the judgment (see Carbone v Deutsche Bank Natl. Trust Co., 145 AD3d at 849; San Filippo v Hobbs, 81 AD3d 918 [2011]). Thus, since the Bank established that it had a defense founded upon documentary evidence which conclusively disposed of the plaintiff’s causes of action as a matter of law (see Carbone v Deutsche Bank Natl. Trust Co., 145 AD3d at 850; Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913 [2016]), the Supreme Court properly granted the Bank’s motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint, and properly denied Carbone’s cross motion for summary judgment on the complaint.
 

 In addition, since the plaintiff has raised arguments on this appeal that appear to be “completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law” (22 NYCRR 130-1.1 [c] [1]), the appeal may be frivolous (see Curet v DeKalb Realty, LLC, 127 AD3d 914, 916 [2015]; Caplan v Tofel, 65 AD3d 1180, 1181-1182 [2009]). Accordingly, we direct the submission of affirmations or affidavits on the issue of whether, and in what amount, costs or sanctions in connection with this appeal should or should not be imposed on the plaintiff.
 

 Rivera, J.P., Hall, Roman and Christopher, JJ., concur.