68 16th Realty, LLC v Bank of N.Y. (2021 NY Slip Op 00278)





68 16th Realty, LLC v Bank of N.Y.


2021 NY Slip Op 00278


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-03779
 (Index No. 510559/14)

[*1]68 16th Realty, LLC, appellant, 
v
Bank of New York, etc., et al., respondents.


Berg & David, PLLC, Brooklyn, NY (Abraham David and Shane Wax of counsel), for appellant.
Akerman LLP, New York, NY (Jordan M. Smith and Joseph DeFazio of counsel), for respondents.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated January 19, 2018. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the complaint and granted the defendants' cross motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). Where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 275). Moreover, under CPLR 3211(a)(1), a dismissal will not eventuate unless documentary evidence conclusively establishes a defense to the asserted claims as a matter of law (see Leon v Martinez, 84 NY2d 83, 88).
RPAPL 1501(4) provides that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired," any person with an estate or interest in the property may maintain an action "to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom."
Here, the plaintiff alleged in its complaint and in support of its motion, inter alia, for summary judgment on the complaint that the defendants, which were the mortgagees on the underlying mortgage debt, accelerated the underlying mortgage debt in 2008, that an action by the [*2]defendants to foreclose the subject mortgage had been dismissed by order dated October 8, 2013, and that the defendants had failed to commence a new foreclosure action within six years after the acceleration of the mortgage debt. However, in support of their cross motion, among other things, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, the defendants submitted documentary evidence demonstrating that they had moved to vacate the October 2013 order dismissing the foreclosure action.
During the pendency of the parties' motion and cross motion in the present case, the defendants' motion to vacate the October 2013 order initially was denied, but the order denying the motion to vacate subsequently was reversed on appeal, and the related foreclosure action was reinstated by this Court (see Bank of N.Y. Mellon v Shterenberg, 153 AD3d 1310, 1311). Accordingly, contrary to the allegations set forth in the complaint, the foreclosure action was still pending and unresolved (see Mizrahi v US Bank, N.A., 156 AD3d 617, 617-618).
Since documentary evidence before the Supreme Court demonstrated that material facts alleged in the complaint were not facts at all, and that no significant dispute existed regarding them (Guggenheimer v Ginzburg, 43 NY2d at 275), the court properly granted those branches of the defendants' cross motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint (see Mizrahi v US Bank, N.A., 156 AD3d at 617-618; see generally Sharestates Invs., LLC v Hercules, 178 AD3d 1112, 1115).
In view of the foregoing, the denial of that branch of the plaintiff's motion which was for summary judgment on the complaint also was proper.
MASTRO, A.P.J., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court