Hart 230, Inc. v PennyMac Corp. (2021 NY Slip Op 03022)





Hart 230, Inc. v PennyMac Corp.


2021 NY Slip Op 03022


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2018-03202
 (Index No. 512092/14)

[*1]Hart 230, Inc., plaintiff, 
v
PennyMac Corp., respondent, Joel Rolnitzky, et al., appellants, et al., defendants.


Rosenberg, Fortuna & Laitman, LLP, Garden City, NY (Anthony R. Filosa of counsel), for appellants.
Blank Rome LLP, New York, NY (Diana M. Eng and Andrea M. Roberts of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to quiet title to certain real property, the defendants Joel Rolnitzky, OKBM, Inc., and 230 Hart Street, Inc., appeal from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated January 2, 2018. The order, insofar as appealed from, granted the motion of the defendant PennyMac Corp. pursuant to CPLR 3211(a) to dismiss the cross claim of the defendants Joel Rolnitzky, OKBM, Inc., and 230 Hart Street, Inc., asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 15, 2007, the defendant Uddin Khan borrowed $544,000 from nonparty Knightsbridge Mortgage Bankers (hereinafter Knightsbridge) and executed a note in favor of Knightsbridge. As security, Khan gave Knightsbridge a mortgage on real property located in Brooklyn (hereinafter the subject property). In June 2007, Knightsbridge assigned the note and mortgage to nonparty Citimortgage, Inc. (hereinafter Citimortgage). After Khan defaulted in his payment obligations under the terms of the note and mortgage, in May 2008, Citimortgage commenced an action against Khan, among others, to foreclose the mortgage (hereinafter the foreclosure action).
On October 15, 2012, without first satisfying the subject mortgage, Khan transferred title to the subject property to the defendant OKBM, Inc. (hereinafter OKBM). Subsequently, on or about October 18, 2012, Citimortgage assigned the note and mortgage to the defendant PennyMac Corp. (hereinafter PennyMac). In March 2014, Citimortgage moved, inter alia, to discontinue the foreclosure action. By order dated May 27, 2014, the foreclosure action was discontinued and the notice of pendency filed against the subject property cancelled.
On August 6, 2014, OKBM transferred title to the subject property to the plaintiff. On December 3, 2014, OKBM transferred title to the subject property to the defendant 230 Hart Street, Inc. (hereinafter 230 Hart). On December 21, 2014, the plaintiff commenced this action, inter alia, to quiet title to the subject property against, among others, OKBM, 230 Hart, the defendant Joel Rolnitzky (hereinafter collectively the appellants), and PennyMac. In their answer, the appellants [*2]asserted a cross claim against PennyMac, alleging, inter alia, that 230 Hart held title to the subject property free and clear of any encumbrances, since Citimortgage failed to properly de-accelerate the debt so that any subsequent action to foreclose the subject mortgage would be time-barred.
Thereafter, PennyMac moved pursuant to CPLR 3211(a) to dismiss the cross claim. In an order dated January 2, 2018, the Supreme Court, inter alia, granted PennyMac's motion to dismiss the cross claim. This appeal ensued.
A motion pursuant to CPLR 3211(a)(1) to dismiss a claim based on documentary evidence may be appropriately granted "only where the documentary evidence utterly refutes [the claimant]'s factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Carbone v Deutsche Bank Natl. Trust Co., 145 AD3d 848, 849; Jahan v U.S. Bank N.A., 127 AD3d 926, 927). For the purpose of CPLR 3211(a)(1), "judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence" (Fontanetta v John Doe 1, 73 AD3d 78, 84-85 [internal quotation marks omitted]).
"To maintain an equitable quiet title claim, a [claimant] must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title, such as a deed or other instrument, that is actually invalid or inoperative" (Carbone v Deutsche Bank Natl. Trust Co., 145 AD3d at 849; see RPAPL 1515; Acocella v Wells Fargo Bank, N.A., 139 AD3d 647, 649; Acocella v Bank of N.Y. Mellon, 127 AD3d 891, 892-893). "RPAPL 1501(4) provides that '[w]here the period allowed by the applicable statute of limitations for the commencement of an action to foreclose a mortgage . . . has expired,' any person with an estate or interest in the property may maintain an action 'to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the [claimant] in such real property to be free therefrom'" (68 16th Realty, LLC v Bank of N.Y., 190 AD3d 796, 797, quoting RPAPL 1501[4]). In the event that a debt has been validly accelerated by the commencement of a foreclosure action, "the noteholder's voluntary withdrawal of that action revok[es] the election to accelerate, absent the noteholder's contemporaneous statement to the contrary" (Freedom Mtge. Corp. v Engel, ___ NY3d___, 2021 NY Slip Op 01090, *2).
Here, the documentary evidence conclusively established that Citimortgage voluntarily discontinued the foreclosure action in 2014, thereby de-accelerating the debt within the applicable six-year statute of limitations. In support of its motion to dismiss the cross claim, PennyMac submitted, inter alia, the 2014 order discontinuing the foreclosure action, which utterly refuted the allegations set forth in the cross claim that the statute of limitations with respect to the subject debt had expired. Since the subject mortgage filed against the subject property is viable and continues to cloud title to the subject property (see ___ NY3d at ___, 2021 NY Slip Op 01090, at *2), the Supreme Court properly granted PennyMac's motion pursuant to CPLR 3211(a) to dismiss the cross claim (see 68 16th Realty, LLC v Bank of N.Y., 190 AD3d at 796; Carbone v Deutsche Bank Natl. Trust Co., 145 AD3d at 849-850; Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913).
The appellants' remaining contentions either are not properly before this Court having been raised for the first time on appeal or, in light of our determination, need not be addressed.
DILLON, J.P., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court