Oparaji v ABN Amro Mtge. Group, Inc. (2022 NY Slip Op 01033)





Oparaji v ABN Amro Mtge. Group, Inc.


2022 NY Slip Op 01033


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2018-14813
 (Index No. 2908/18)

[*1]Maurice Oparaji, appellant, 
v
ABN Amro Mortgage Group, Inc., et al., respondents, et al., defendant.


Maurice Oparaji, Rosedale, NY, appellant pro se.
Akerman LLP, New York, NY (Jordan M. Smith and Stefan Canizares of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered October 23, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants ABN Amro Mortgage Group, Inc., and Citibank, N.A., doing business as CitiMortgage, Inc., which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and denied the plaintiff's cross motion for leave to enter a default judgment against the defendants ABN Amro Mortgage Group, Inc., and Richard M. Babeck and to direct the defendant Citibank, N.A., doing business as CitiMortgage, Inc., to produce a certain note signed by the plaintiff on October 24, 2003.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for fraud against ABN Amro Mortgage Group, Inc. (hereinafter ABN), Citibank, N.A., doing business as CitiMortgage, Inc. (hereinafter CitiMortgage), and Richard M. Babeck. The various causes of action asserted in the complaint are premised on the plaintiff's contention that a note purportedly executed by the plaintiff on March 31, 2004, and a mortgage purportedly executed by the plaintiff and his wife on March 31, 2004, had been forged.
In 2007, a prior mortgage foreclosure action was commenced by ABN against, among others, the plaintiff and his wife, in which it was alleged that on March 31, 2004, the plaintiff executed and delivered to ABN a note bearing that date whereby he agreed to pay the sum of $264,700 with interest pursuant to the terms of the note, and that as collateral, the plaintiff and his wife executed and delivered to ABN a mortgage on certain premises that was dated March 31, 2004, and recorded on October 20, 2004. The foreclosure action was resolved by a so-ordered stipulation dated January 29, 2008, wherein the parties agreed that the action would be discontinued and the mortgage loan reinstated subject to certain conditions, and CitiMortgage represented that it was a successor by merger to ABN.
Thereafter, the plaintiff and his wife commenced an action in the Civil Court against CitiMortgage, alleging that on March 31, 2004, they executed and delivered to ABN a certain note bearing that date whereby they agreed to pay the sum of $264,700 with interest pursuant to the terms of the note, that in 2007 CitiMortgage acquired ABN, and that CitiMortgage had failed to properly [*2]credit mortgage payments, had been harassing them, and had ruined their credit. In an order dated August 14, 2014, the Civil Court, inter alia, granted CitiMortgage's motion for summary judgment dismissing the complaint. In an order dated May 19, 2017, the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts, inter alia, affirmed the determination in the order dated August 14, 2014, awarding CitiMortgage summary judgment dismissing the complaint.
The plaintiff commenced this action in April 2018, asserting various causes of action premised on the allegation that the note and mortgage purportedly executed on March 31, 2004, were forgeries. ABN and CitiMortgage moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The plaintiff cross-moved for leave to enter a default judgment against ABN and Babeck, and to direct CitiMortgage to produce a certain note signed by the plaintiff on October 24, 2003. The Supreme Court granted that branch of the motion of ABN and CitiMortgage which was to dismiss the complaint insofar as asserted against them and denied the plaintiff's cross motion. The plaintiff appeals.
On a motion to dismiss a cause of action pursuant to CPLR 3211(a), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169, 175). When a defendant moves pursuant CPLR 3211(a)(1) to dismiss on the ground that a cause of action is barred by documentary evidence, the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d at 175; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Hart 230, Inc. v PennyMac Corp., 194 AD3d 789, 790). "For the purpose of CPLR 3211(a)(1), 'judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence'" (Hart 230, Inc. v PennyMac Corp., 194 AD3d at 790-791, quoting Fontanetta v John Doe 1, 73 AD3d 78, 84-85 [internal quotation marks omitted]).
Here, the plaintiff commenced this action arising out of the alleged forgery of the mortgage and note dated March 31, 2004. Documentary evidence submitted in support of the motion of ABN and CitiMortgage included copies of the mortgage and note dated March 31, 2004, as well as judicial records relating to the prior foreclosure action and the action commenced in the Civil Court. This documentary evidence conclusively established that the mortgage and note were not forgeries and, thus, conclusively established a defense to the action as a matter of law. Accordingly, the Supreme Court properly granted that branch of the motion of ABN and CitiMortgage which was to dismiss the complaint insofar as asserted against them.
On a motion for leave to enter a default judgment, a plaintiff must submit proof of service of the summons and complaint or summons and notice, proof of the facts constituting the cause of action, and proof of the defaulting defendant's failure to answer or appear (see CPLR 3215[f]; U.S. Bank Trust, N.A. v Green, 173 AD3d 1111, 1112; HSBC Bank USA, N.A. v Clayton, 146 AD3d 942, 944). "To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient proof to enable a court to determine if the cause of action is viable, since 'defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them'" (U.S. Bank Trust, N.A. v Green, 173 AD3d at 1112, quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 71; see Oteri v Oteri-Harkins, 183 AD3d 902, 903).
Here, contrary to the plaintiff's contention, ABN did not default since it appeared in the action when CitiMortgage, on its own behalf and as successor by merger to ABN, filed a timely pre-answer motion to dismiss pursuant to CPLR 3211(a) (see CPLR 320[a]; 3211[f]; Oparaji v Yablon, 151 AD3d 415, 415; see also Business Corporation Law § 906[b]). With regard to Babeck, even if he was properly served and, thus, defaulted, the plaintiff failed to demonstrate proof of any fact constituting a cause of action asserted against him. Accordingly, the Supreme Court properly [*3]denied that branch of the plaintiff's cross motion which was for leave to enter a default judgment against ABN and Babeck.
Since the Supreme Court properly granted dismissal of the complaint insofar as asserted against CitiMortgage, the court properly refused to direct CitiMortgage to produce a copy of a certain note dated October 24, 2003. In any event, the plaintiff's request for production of the note was, in effect, an improper application to compel compliance with disclosure (see CPLR 3124; see also id. § 3214[b]).
The plaintiff's contention, in effect, that the Supreme Court improperly considered a memorandum of law submitted, inter alia, in opposition to his cross motion for inadequate and/or lack of service is, in part, not properly before this Court, and is otherwise without merit (see id. §§ 2214[b]; 2215).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., CHRISTOPHER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court