Formato v Formato (2024 NY Slip Op 05330)

Formato v Formato

2024 NY Slip Op 05330

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-02804
 (Index No. 520083/21)

[*1]Frank Formato, respondent,
v
James Formato, et al., appellants.

Lawrence T. Jones, Garden City, NY, for appellants.
Rosenberg & Steinmetz, P.C., Valley Stream, NY (Rachelle Rosenberg and Efraim S. Lipschutz of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the defendants appeal from an order of the Supreme Court, Kings County (Carl J. Landacino, J.), dated February 3, 2023. The order granted the plaintiff's motion for summary judgment on the amended complaint.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, among other things, making appropriate declarations in accordance herewith.
The parties, who are brothers, together with their mother, Florence Formato (hereinafter Florence), entered into a contract that settled the parties' respective interests in two pieces of real property owned by Florence and located at 273A Nassau Avenue (hereinafter 273A) and 275A Nassau Avenue (hereinafter 275A) in Brooklyn. The contract provided for the defendants to receive lump sum payments from the proceeds of the sale of 273A. Florence further agreed to transfer title to 275A to the plaintiff and the defendants but provided in paragraph 4 of the contract that, in consideration of the defendants' receipt of the sale proceeds from 273A, the defendants "agree that at such time as [the plaintiff] sells the real property located at 275A Nassau Avenue . . . , they shall not assert any claim to the proceeds of the sale."
Subsequently, when the defendants refused to cooperate with the plaintiff in his attempt to sell 275A, the plaintiff commenced this action, inter alia, seeking a judgment declaring that the plaintiff is entitled to sell 275A and retain the entire proceeds of the sale and an injunction requiring the defendants to execute the necessary documents to effectuate such a sale. After joinder of issue, the plaintiff moved for summary judgment on the amended complaint. By order dated February 3, 2023, the Supreme Court granted the plaintiff's motion. The defendants appeal.
"The fundamental, neutral precept of contract interpretation . . . [is] that agreements are construed in accord with the parties' intent, and [t]he best evidence of what parties to a written agreement intend is what they say in their writing" (Long Is. Med. & Gastroenterology Assoc., P.C. v Mocha Realty Assoc., LLC, 191 AD3d 857, 859-860 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Barclays Bank PLC, 34 NY3d 327, 340). "Where the terms of a contract are clear and unambiguous, the intent of the parties must be found within the four corners [*2]of the contract, giving a practical interpretation to the language employed and reading the contract as a whole" (Ellington v EMI Music, Inc., 24 NY3d 239, 244). "An agreement is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion" (id. [internal quotation marks omitted]).
Here, the plaintiff demonstrated, prima facie, that the parties' contract clearly and unambiguously provided him with a unilateral right to sell 275A and to retain the proceeds from that sale (see Liptis Pharms. USA, Inc. v Liptis for Pharms. & Med. Prods., SAE, 228 AD3d 927, 929; Gristede's Operating Corp. v Scarsdale Shopping Ctr. Assoc., LLC, 176 AD3d 1185, 1188). In opposition, the defendants failed to raise a triable issue of fact. Since the parties' contract was clear and unambiguous, the intent of the parties must be determined based on the contract language without resorting to extrinsic evidence (see Frantz v Marchbein, 216 AD3d 746, 749; Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 215 AD3d 907, 909). Furthermore, the defendants' proffered interpretation of the contract would render paragraph 4 thereof meaningless, whereas the plaintiff's interpretation of that paragraph "affords a fair meaning to all of the language employed by the parties in the contract and leaves no provision without force and effect" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 493; see Med Mac Realty Co. v Lerner, 154 AD2d 656, 659).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the cause of action for a judgment declaring that the plaintiff is entitled to sell 275A and retain the entire proceeds of that sale.
In addition, "[s]ince the defendants refused to assist the plaintiff in exercising [his] right to [sell] the property, the Supreme Court properly directed the defendants to execute the necessary documents" (Med Mac Realty Co. v Lerner, 154 AD2d at 660; see San Filippo v Hobbs, 81 AD3d 918, 918).
The defendants' contention that the plaintiff's motion for summary judgment was premature is improperly raised for the first time on appeal (see Kravets v Striano, 229 AD3d 613, 614).
The defendants' remaining contention is without merit.
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiff is entitled to sell 275A and retain the entire proceeds of that sale (see Lanza v Wagner, 11 NY2d 317, 334).
IANNACCI, J.P., MALTESE, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court