HSBC Bank USA, N.A. v Tobar (2025 NY Slip Op 51899(U))

[*1]

HSBC Bank USA, N.A. v Tobar

2025 NY Slip Op 51899(U)

Decided on December 3, 2025

Supreme Court, Queens County

Maldonado Cruz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 3, 2025
Supreme Court, Queens County

HSBC Bank USA, National Association, AS TRUSTEE FOR FREMONT HOME LOAN TRUST 2005-E, Plaintiff,

against
Jose Tobar, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FREMONT INVESTMENT AND LOAN, NYC PARKING VIOLATIONS BUREAU, GLORIA TOBAR, JORGE LAMBERT, MARIA CASTRO, Defendants.

Index No. 721172/2021

For Plaintiff HSBC BANK USA , NATIONAL ASSOCIATION, AS TRUSTEE FOR FREMONT HOME LOAN TRUST 2005-E: Christopher E. Medina, Jaclyn Ann Weber-Cantrell, Kathleen Ann Casey, Justine Jena-Ann Aldridge Pite LLP, 40 Marcus Drive, Suite 200, Melville, NY 11747
For Defendant Jose Tobar: Kenneth James Rosellini, Esq., Kenneth Rosellini, Attorney at Law, 636a Van Houten Avenue, Clifton, NJ 07013

Lumarie Maldonado Cruz, J.

The following numbered papers read on this motion by Defendant Jose Tobar (hereinafter "Defendant Tobar") for an Order pursuant to CPLR § 3211(a)(3), dismissing Plaintiff HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR FREMONT HOME LOAN TRUST 2005-E (hereinafter "Plaintiff")'s Complaint under CPLR §§ 308, 3215(g)(3), 213, 5015(a)(3) and (4), RPAPL §§1303, 1304, 1306, 1515, and 1302(a),[FN1]
and granting such further relief as the Court deems just and proper. Plaintiff opposes.
Notice of Motion — Affidavits — Exhibits EF 82 — 93
Answering Affirmations — Exhibits EF 94 — 96
Affirmation in Reply EF 111
Upon the foregoing papers, and after oral arguments on September 24, 2025, where only defense counsel was present, and for the following reasons, Defendant Tobar's motion is DENIED without prejudice.
Procedural History
Three separate foreclosure actions have been initiated against Defendant Tobar concerning the property located at 584 Fairview Avenue, Ridgewood, Queens, New York.[FN2]

First, on February 25, 2008, Fremont Investment & Loan, the original lender, commenced a foreclosure action under Index No. 5093/2008. [FN3]
The Judgment of Foreclosure and Sale in that matter was later vacated, and the action was discontinued by Order dated May 9, 2010, filed June 16, 2010, after Defendants entered a loss mitigation program. By that time, the mortgage had been transferred to Plaintiff.[FN4]

Second, on October 21, 2011, Plaintiff commenced another foreclosure action under Index No. 24300/2011 (which was later converted to the present Index No. 721172/2021). [FN5]
That action was dismissed on April 8, 2013, by the Honorable Marguerite A. Grays, following a Chief Clerk's order recommending dismissal due to Plaintiff's failure to comply with prior court directives and file a motion for an Order of Reference.[FN6]

Third, on September 9, 2015, Plaintiff commenced a third foreclosure action under Index No. 709590/2015. That action was dismissed on May 5, 2017, by Justice Grays, following the Chief Clerk's report dated April 7, 2017.[FN7]

Subsequently, in an Order dated January 11, 2023, the Honorable Lance P. Evans restored the present action and granted summary judgment in favor of Plaintiff and struck Defendant Tobar's Answer.[FN8]
On August 27, 2024, this Court granted Plaintiff's motion for a Judgment of Foreclosure and Sale.[FN9]

Standing
In a foreclosure action, a plaintiff has standing if it is the holder, or the assignee, of the underlying note at the time the action is commenced. Wells Fargo Bank, N.A. v. Burke, 166 AD3d 1054, 1054 (2d Dept. 2018). "[F]oreclosure of a mortgage may not be brought by one who has no title to it and absent transfer of the debt, the assignment of the mortgage is a nullity." In re Lippold, 457 B.R. 293, 297 (Bankr. S.D.NY 2011) (citing Kluge v. Fugazy, 145 AD2d 537, 538 [2d Dept.1988]). In Lippold, finding no evidence showing that the plaintiff bank had received physical delivery of the Note, or that the bank was in possession of the Note, the court held that the plaintiff bank did not have standing to obtain stay relief." 457 B.R. at 299. Here, Plaintiff contends that because summary judgment has been granted in favor of Plaintiff, the Court has already determined that Plaintiff has standing and complied with RPAPL § 1304.[FN10]

However, Defendant Tobar argues that Plaintiff's Assignment of the mortgage executed June 23, 2008 [FN11]
was improper because Plaintiff's predecessor, Fremont General Corp. (hereinafter "Fremont") [FN12]
was in a Chapter 11 bankruptcy period when the transfer occurred, and transfers that weren't properly perfected or enforceable at the time a bankruptcy was filed are voidable.[FN13]
While it is puzzling that Defendant Tobar raises this point so many years after the fact, New York law permits a homeowner defendant in a foreclosure suit to raise a defense of standing at any time in the litigation. RPAPL § 1302(a).[FN14]

The mortgage assignment relied upon by Plaintiff to demonstrate that it was in possession of the mortgage, and therefore has standing in this foreclosure action, is dated June 23, 2008.[FN15]
That was five (5) days after Fremont filed for Chapter 11 bankruptcy, on June 18, [*2]2008, when Fremont's assets were sold off and it surrendered its state banking charter.[FN16]
According to Defendant Tobar, the bank's mortgage-servicing rights were sold to non-party Litton Loan Servicing (owned at the time by Goldman Sachs, now owned by Ocwen).[FN17]

Pursuant to 11 U.S.C. §§ 544 and 545, the Bankruptcy Code allows a trustee to step into the shoes of a bona fide purchaser or a lien creditor as of the bankruptcy filing date. Under 11 U.S.C. § 544(a)(3), a trustee may avoid any transfer of property of the debtor that is voidable by a bona fide purchaser of real property, other than fixtures, from the debtor.[FN18]
This provision allows a trustee to avoid unperfected transfers or obligations that would not be enforceable against such a purchaser under applicable state law. Similarly, under 11 U.S.C. § 545(2), a trustee may avoid a statutory lien on the debtor's property if the lien is not perfected or enforceable at the time of the bankruptcy filing against a bona fide purchaser. This provision underscores the importance of perfection under state law, as unperfected liens or interests are subordinate to the trustee's rights.[FN19]

As it relates to Fremont, the trustee's avoidance powers would depend on whether the transfers of assets, retail business, and mortgage-servicing rights were perfected under New York law at the time of the bankruptcy filing.[FN20]
Under New York Real Property Law § 291, a bona fide purchaser whose conveyance is first recorded has priority over unrecorded interests Vitale v. Pinto, 118 AD2d 774 (2d Dept. 1986). If any transfers were not properly recorded or perfected, the trustee could avoid them under 11 U.S.C. § 544(a)(3). Additionally, under New York Uniform Commercial Code (hereinafter "U.C.C.") Law § 9-301, an unperfected security interest is subordinate to the rights of a lien creditor, including a trustee in bankruptcy. See In re Pasco Sales Co., 52 AD2d 138 (2d Dept. 1976). This means that if any security interests in Fremont's assets were not perfected as of June 18, 2008, the trustee could set them aside under 11 U.S.C. § 544(a)(1).[FN21]
Defendant Tobar asserts that Plaintiff's rights of the alleged acquisition were not properly perfected or recorded because "the sale of Fremont's mortgage-servicing rights to Litton Loan Servicing reflect the foregoing violations."[FN22]

Plaintiff's only argument in response to this issue is that "Defendant's additional argument claiming that the transfer of the note and mortgage occurred during a bankruptcy is [*3]also baseless and not supported by any evidence in the record."[FN23]

Moreover, Defendant Tobar contends that because "Plaintiff has not proven physical possession or delivery, and no valid chain of title from Fremont is presented" that Plaintiff does not have standing in this foreclosure action.[FN24]
Defendant Tobar further argues that "Plaintiff failed to respond or cure its broken chain of title of its alleged mortgage-backed security, and its alleged allegations of ownership remain invalid as such transfer and any resulting lien is voidable under 11 U.S.C. §§ 544 and 545."[FN25]

Plaintiff submits that "The note and mortgage were transferred to Plaintiff as memorialized by way of assignment of mortgage dated June 23, 2008, recorded with the City Register of the City of New York, Queens County on July 11, 2008 in CRFN: 2008000275083."[FN26]
However, Plaintiff does not state or provide any evidence to support the validity of the transfer, such as proof of perfection. Plaintiff further states that "Defendant executed and delivered a loan modification agreement, dated May 7, 2007, and a Home Affordable Modification Agreement, effective February 1, 2010,[FN27]
but these documents do not refer to any transfer and lack any mention of Plaintiff.
In Defendant Tobar's Affidavit, he claims that he never recognized Plaintiff as a valid lender or creditor, that he never received default notices from the servicer that he had been sending payments to, OCWEN Loan Servicing, or from Mortgage electric Registration Systems ("MERS"), Fremont Mortgage Corp., or any entity notifying him of a change in mortgage ownership.[FN28]
He states that he does not know who received his payments from 2007 to 2010.[FN29]

Although the transfer at issue was duly recorded,[FN30]
the Court lacks sufficient information to determine whether it was properly perfected. More critically, Defendant Tobar has offered no evidence in support of his motion to establish Fremont's Chapter 11 bankruptcy status at the time of the transfer of the mortgage debt, nor has he provided any indication of what, if any, transfers were authorized by the Bankruptcy Court. Absent a clear paper trail demonstrating that the subject mortgage was legally and validly transferred to Plaintiff, Plaintiff's standing could be called into question in this foreclosure action. However, while Defendant Tobar seeks to challenge the validity of that transfer, he has failed to present adequate documentation to substantiate his claim.
[*4]Personal Jurisdiction
This Court agrees with Plaintiff that the time for Defendant Tobar to challenge personal jurisdiction has long passed.[FN31]
Even if this Court were to consider Defendant Tobar's Answer to the Complaint, which has been stricken, it does not object to personal jurisdiction, and that defense has thus been waived.[FN32]
Further, the Affidavit of Service states that Defendant Tobar was served with the Summons and Complaint via a person of suitable age and discretion (his wife, Gloria) at their home on October 28, 2011, and that the documents were subsequently mailed to Defendant Tobar via first class mail on November 2, 2011.[FN33]
A process server's affidavit constitutes prima facie evidence of proper service. Chem. Bank v. Darnley, 300 AD2d 613 (2d Dept. 2002). Defendant Tobar has not presented any evidence to rebut this presumption and did not move to dismiss on this ground within sixty (60) days of filing his Answer. Thus, pursuant to CPLR § 3211(e), Defendant Tobar has waived this challenge and jurisdiction is proper. 
Under CPLR § 213(4), the statute of limitations for a mortgage foreclosure action is six (6) years from the date of acceleration. In this case, the original foreclosure action was commenced on February 25, 2008, and the present action was initiated on October 21, 2011—well within four (4) years of the original acceleration. [FN34]
Accordingly, this action constitutes a continuation of that earlier foreclosure proceeding and is timely.
Defendant Tobar additionally contends, for the first time in his Reply, that the Foreclosure Abuse Prevention Act (FAPA) bars this action because three (3) foreclosure actions have been brought based on the same debt. [FN35]
This argument is not properly before the Court. It is well established that "arguments raised for the first time in a reply brief are not properly before this Court." Waldorf v. Maher, 221 AD3d 1052, 1052 (2d Dept 2023).
Default
As Defendant appeared when serving and filing an Answer and thus was not in default, Defendant was not entitled to notice under CPLR § 3215(g)(3), as alleged.[FN36]
Although Defendant [*5]Tobar initially appeared via his Answer, he failed to oppose Plaintiff's subsequent motions. For Defendant Tobar to assert defenses to this foreclosure action, he would need to first demonstrate a reasonable excuse for failing to oppose Plaintiff's motions, and he has not done so.[FN37]

In the alternative, Defendant Tobar seeks to vacate the Orders issued in this case under CPLR § 5015(a)(3), which allows for relief from judgment based on "fraud, misrepresentation, or other misconduct of an adverse party," and he alleges that the misconduct by Plaintiff here lies in pursuing this foreclosure action knowing that the assignment of the mortgage to them was improper.[FN38]
Defendant Tobar contends that "Plaintiff failed to disclose this material fact and continued prosecuting the case based on a defective assignment," but he does not submit any evidence that Plaintiff pursued this foreclosure with full knowledge that the transfer was improper and the assignment therefore defective.[FN39]

Finally, because a Judgment of Foreclosure and Sale was issued over Defendant's default in opposing the motion, Defendant Tobar is barred, under res judicata, from seeking to quiet title pursuant to RPAPL § 1515. See Carbone v. US Bank Nat'l Ass'n, 156 AD3d 678, 679 (2d Dept 2017).
Accordingly, it is hereby:
ORDERED, that the motion is DENIED without prejudice; and it is further
ORDERED that any requested relief and/or remaining contentions not expressly addressed herein have nonetheless been considered and are hereby DENIED; and it is further
ORDERED, that a copy of this Order with Notice of Entry be served within twenty (20) days after date of entry, by Defendant Tobar on Plaintiff and to the Clerk of Queens County.
Dated: December 3, 2025
Long Island City, NY
Hon. Lumarie Maldonado Cruz, J.S.C.

Footnotes

Footnote 1:Defendant Tobar listed RPAPL § "302-a" in his briefing, but in the interest of legitimacy, the Court has corrected the statute to indicate that a defense of a plaintiff's lack of standing to bring foreclosure proceeding is not waived under the circumstances in this case.

Footnote 2:Block 003391, Lot 54; Deed Recorded Date: October 19, 2005, CRFN No.: 2005000584716.

Footnote 3:EF 92 at ¶ 15. 

Footnote 4:Defendant Tobar disputes the validity Plaintiff's Assignment executed June 23, 2008 (EF 87).

Footnote 5:EF 84.

Footnote 6:EF 89.

Footnote 7:EF 90.

Footnote 8:EF 103.

Footnote 9:Defendant Tobar incorporated this Order (EF 59) by reference in his Affirmation (EF 92).

Footnote 10:EF 103. Defendant Tobar argues that Plaintiff lacks standing because the transfer of the mortgage from Fremont Investment & Loan to Plaintiff was improper.

Footnote 11:EF 87.

Footnote 12:Fremont General Corp. was a holding company for Fremont Investment & Loan.

Footnote 13:EF 92 at ¶ ¶ 25, 34. See In re Brosnahan, 312 B.R. 220, 222 (Bankr. W.D.NY 2004) ("Section 544(a) of the Bankruptcy Code provides that a trustee "may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by ... (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.")

Footnote 14:Defendant Tobar raised lack of standing as an Affirmative Defense in his Answer (EF 19), which was stricken. However, RPAPL §1302(a) states in relevant part:
Defense of lack of standing; not waived. Notwithstanding the provisions of subdivision (e) of rule thirty-two hundred eleven of the civil practice law and rules, any objection or defense based on the plaintiff's lack of standing in a foreclosure proceeding related to a home loan, as defined in paragraph (a) of subdivision six of section thirteen hundred four of this article, shall not be waived if a defendant fails to raise the objection or defense in a responsive pleading or pre-answer motion to dismiss.
 Footnote 15:EF 87.

Footnote 16:EF 92 at ¶ 25; EF 111 at ¶ 8. Notably, Defendant Tobar did not provide any support for his contention that Fremont filed for bankruptcy during the relevant period.

Footnote 17:EF 92 at ¶ 25. 

Footnote 18:See In re Hilsen, 405 B.R. 49, 58 (Bankr. E.D.NY 2009) ("The rights of a trustee under Section 544 of the Bankruptcy Code are broad and encompass those of a judgment lien creditor or a bona fide purchaser . . .).

Footnote 19:EF 92 at ¶¶ 35-37.

Footnote 20:Id. at ¶ 38.

Footnote 21:Id. at ¶ 39.

Footnote 22:Id. at ¶ 40.

Footnote 23:EF 94 at ¶ 54.

Footnote 24:EF 92 at ¶ 16, 27.

Footnote 25:EF 111 at ¶ 9.

Footnote 26:EF 94 at ¶ 7; EF 40.

Footnote 27:EF 94 at ¶ 8; EF 39.

Footnote 28:EF 93 at ¶¶ 5, 15.

Footnote 29:Id. at ¶ 6.

Footnote 30:EF 40.

Footnote 31:EF 94 at ¶ 6.

Footnote 32:EF 103 (Order striking EF 19); see CPLR § 3211(e).

Footnote 33:The Affidavit of Service of the Summons and Complaint on Defendant Tobar (EF 18) is incorporated by reference in EF 94.

Footnote 34:Defendant Tobar states that, "Plaintiff as servicer, did accelerate the alleged mortgage. See Plaintiff's Complaint DATED February 25, 2008, annexed hereto and made a part hereof at Exhibit 'A.'" EF 92 at ¶ 70. Notably, no such Complaint is attached, but a review of the docket confirms the date of the original Complaint.

Footnote 35:EF 111 at ¶ 17.

Footnote 36:The Honorable Lance P. Evans' January 11, 2023, Order struck Defendant Tobar's Answer and declared that it should be treated as a limited Notice of Appearance entitling Defendant Tobar to receive, without prior notice, a copy of the Notice of Sale, Notice of Discontinuance and Notice of Surplus Monies. EF 103.

Footnote 37:See CPLR § 5015(a)(1), which allows for relief from judgment within one year of the judgment.

Footnote 38:EF 92 at ¶ 60.

Footnote 39:EF 111 at ¶ 9.