U.S. Bank, N.A. v Stiene (2022 NY Slip Op 01833)





U.S. Bank, N.A. v Stiene


2022 NY Slip Op 01833


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
WILLIAM G. FORD, JJ.


2018-09193
2018-09194
 (Index No. 1815/07)

[*1]U.S. Bank, N.A., etc., respondent,
v
James R. Stiene, etc., et al., appellants.


Gail M. Blasie, P.C., Garden City, NY, for appellants.
Greenberg Traurig, LLP, New York, NY (Leah Jacob and Ryan Sirianni of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants appeal from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both dated May 10, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were to vacate an order of the same court entered August 14, 2017, to restore the action to the calendar, and for leave to enter a default judgment and order of reference. The second order, insofar as appealed from, granted that same relief, vacated the order entered August 14, 2017, and appointed a referee.
ORDERED that the first order dated May 10, 2018, is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for leave to enter a default judgment and order of reference, and substituting therefor a provision denying that branch of the motion; as so modified, the first order dated May 10, 2018, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the second order dated May 10, 2018, is modified, on the law, by deleting the provisions thereof granting that branch of the plaintiff's motion which was for leave to enter a default judgment and order of reference, and appointing a referee, and substituting therefor a provision denying that branch of the motion; as so modified, the second order dated May 10, 2018, is affirmed insofar as appealed from, without costs or disbursements.
In 2007, the plaintiff commenced this action to foreclose a mortgage. The defendants failed to interpose an answer. Subsequently, the plaintiff moved for an order of reference, and the motion was granted in an order dated April 3, 2007. Thereafter, the plaintiff moved for a judgment of foreclosure and sale, which was granted, without opposition, in an order dated May 23, 2007. The order of reference and judgment of foreclosure and sale subsequently were vacated in 2012, without prejudice.
In March 2017, the plaintiff moved, inter alia, for leave to enter a default judgment and order of reference (hereinafter the March 2017 motion). The defendants opposed the March 2017 motion, asserting that the action should be dismissed as abandoned pursuant to CPLR 3215(c). By order entered August 14, 2017, the Supreme Court directed dismissal of the complaint as [*2]abandoned pursuant to CPLR 3215(c), without prejudice, and denied the plaintiff's motion, in effect, as academic.
In December 2017, the plaintiff moved to vacate the order entered August 14, 2017, to restore the action to the calendar, and, upon such relief, inter alia, for leave to enter a default judgment and order of reference (hereinafter the December 2017 motion). In an order dated May 10, 2018, the Supreme Court granted the December 2017 motion in its entirety. In a second order, also dated May 10, 2018, the court, inter alia, granted the December 2017 motion, vacated the order entered August 14, 2017, and appointed a referee. The defendants appeal.
Contrary to the defendants' contention, the December 2017 motion was not, in effect, a motion for leave to reargue or renew the March 2017 motion. In the order entered August 14, 2017, the Supreme Court directed dismissal of the complaint pursuant to CPLR 3215(c) and did not consider the merits of the plaintiff's March 2017 motion. Under the circumstances, the plaintiff properly moved pursuant to CPLR 5015(a) to vacate the order entered August 14, 2017. Pursuant to CPLR 5015(a) the court was authorized to vacate its prior order as part of its "inherent discretionary power" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [internal quotation marks omitted]; see Countrywide Bank, FSB v Singh, 173 AD3d 673, 675; Hudson City Sav. Bank v Cohen, 120 AD3d 1304, 1305).
Further, the Supreme Court providently exercised its discretion in granting those branches of the plaintiff's motion which were to vacate the order entered August 14, 2017, and to restore the action to the calendar. In that prior order, the court determined that the plaintiff had abandoned the action and dismissal was warranted pursuant to CPLR 3215(c). That provision provides in relevant part that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed" (id.). It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c). Rather, it is enough that the plaintiff timely takes the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference within one year of the default (see American Home Mtge. Acceptance, Inc. v Lubonty, 188 AD3d 767, 768-769; US Bank, NA v Chime, 185 AD3d 754, 756).
Here, the plaintiff obtained an order of reference and a judgment of foreclosure and sale within months of the defendants' default in answering the complaint. Thus, the plaintiff did not abandon the action within the meaning of CPLR 3215(c), notwithstanding that the order of reference and judgment of foreclosure and sale subsequently were vacated (see US Bank, NA v Chime, 185 AD3d at 756; National City Mtge. Co. v Sclavos, 172 AD3d 884, 885; Aurora Loan Servs., LLC v Colleluori, 170 AD3d 1097, 1099). Since dismissal of the action under CPLR 3215(c) was improper, the Supreme Court properly granted those branches of the plaintiff's motion which were to vacate the order entered August 14, 2017, and to restore the action to the calendar (see Bank of N.Y. v Harper, 176 AD3d 907, 909; National City Mtge. Co. v Sclavos, 172 AD3d at 885-886; US Bank, N.A. v Picone, 170 AD3d 1070, 1072).
However, the Supreme Court erred in granting that branch of the plaintiff's motion which was for leave to enter a default judgment and order of reference. "Where, as here, a foreclosure complaint is not verified, CPLR 3215(f) states, among other things, that upon any application for a judgment by default, proof of the facts constituting the claim, the default, and the amount due are to be set forth in an affidavit 'made by the party'" (HSBC Bank USA, N.A. v Betts, 67 AD3d 735, 736; see Deutsche Bank Natl. Trust Co. v Hossain, 196 AD3d 631, 633; HSBC Bank USA, N.A. v Cooper, 157 AD3d 775, 776). Here, the plaintiff submitted an affidavit executed by a contract management coordinator for the plaintiff's purported loan servicer. However, there is no evidence in the record demonstrating that the affiant had the authority to act on behalf of the plaintiff (see HSBC Bank USA, N.A. v Cooper, 157 AD3d at 776; HSBC Bank USA, N.A. v Betts, 67 AD3d at 736). Under the circumstances, the court should have denied that branch of the plaintiff's motion which was for leave to enter a default judgment and order of reference (see Deutsche Bank Natl. Trust Co. v Hossain, 196 AD3d at 633-634; HSBC Bank USA, N.A. v Cooper, 157 AD3d at 776).
The defendants' contention that their default in answering the complaint should be vacated in the interest of justice is raised for the first time on appeal and thus is not properly before this Court (see Luna v Ponce Funeral Homes, Inc., 176 AD3d 1193, 1194).
In light of our determination, we need not reach the defendants' remaining contentions.
BRATHWAITE NELSON, J.P., IANNACCI, RIVERA and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court