Deutsche Bank Natl. Trust Co. v Lamarre (2022 NY Slip Op 07056)

Deutsche Bank Natl. Trust Co. v Lamarre

2022 NY Slip Op 07056

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-04734
 (Index No. 926/08)

[*1]Deutsche Bank National Trust Company, etc., appellant,
v
Lucser Lamarre, respondent, et al., defendants.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for appellant.
Berg & David PLLC, Brooklyn, NY (Abraham David and Sholom Wohlgelernter of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 16, 2019. The order denied the plaintiff's motion to vacate an order of the same court dated February 27, 2014, sua sponte, directing dismissal of the complaint, and to restore the action to the active calendar.
ORDERED that the order dated January 16, 2019, is reversed, on the law, with costs, and the plaintiff's motion to vacate the order dated February 27, 2014, and to restore the action to the active calendar is granted.
On April 15, 2005, Lucser Lamarre executed a note in the sum of $384,000 in favor of WMC Mortgage Corp. The note was secured by a mortgage on real property located in Brooklyn. In January 2008, the plaintiff commenced this action to foreclose the mortgage against, among others, Lamarre. In the complaint, the plaintiff sought a deficiency judgment against Lamarre in the event that the proceeds from a foreclosure sale were insufficient to satisfy the amount due and owing to the plaintiff. Lamarre failed to answer the complaint. In an order dated February 27, 2014 (hereinafter the dismissal order), the Supreme Court, sua sponte, directed dismissal of the complaint pursuant to CPLR 3215(c).
In 2015, Lamarre transferred his interest in the subject property to 651 Wyona, LLC. In March 2017, the plaintiff commenced an action (hereinafter the 2017 action) to foreclose the mortgage against, among others, Lamarre and 651 Wyona, LLC. In an order dated June 13, 2018, the Supreme Court, inter alia, found that the 2017 action was untimely and granted a cross motion to dismiss the complaint in that action.
In October 2018, the plaintiff moved in this action to vacate the dismissal order and to restore the action to the active calendar. In an order dated January 16, 2019, the Supreme Court denied the motion, and the plaintiff appeals.
"If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, [*2]without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215[c]). "The term 'take proceedings' is unique to CPLR 3215(c), as it is not found in any other provision of the CPLR" (Citibank, N.A. v Kerszko, 203 AD3d 42, 50). "To 'take proceedings' is a broader and more encompassing concept than a more tightly defined 'filing' or 'service' of a motion for leave to enter a default judgment or other type of motion" (id. at 50). "The relevant inquiry, therefore, is not the form that an application takes when presented to the court or its result" (id. at 52 [emphasis omitted]). "Rather, it is the intent that can be inferred from an application presented to the court seeking to have the action 'proceed,' inconsistent with that of an abandonment of the plaintiff's claims" (id. [emphasis omitted]).
Here, the plaintiff correctly contends that the Supreme Court erred in, sua sponte, directing dismissal of the complaint in this action pursuant to CPLR 3215(c). The plaintiff demonstrated that it filed a motion, inter alia, for an order of reference on October 24, 2008, which was within one year of the defendants' default in the action. Presenting this motion to the court was sufficient to demonstrate the plaintiff's intent to have the action proceed, notwithstanding that the motion papers were ultimately rejected by the court as defective (see Citibank, N.A. v Kerszko, 203 AD3d at 43-44, 52). Although our dissenting colleague notes that the plaintiff thereafter failed to explain its failure to fix the defects that resulted in the motion papers being rejected for a period of 10 years, once a plaintiff establishes "compliance with CPLR 3215(c)," it is "not required, under the plain language of that subdivision, to account for any additional periods of delay that may have occurred subsequent to the initial one-year period contemplated by CPLR 3215(c)" (Citimortgage, Inc. v Zaibak, 188 AD3d 982, 983). Thus, because the plaintiff did not abandon the action, the court should have granted the plaintiff's motion to vacate the dismissal order and to restore the action to the active calendar (see U.S. Bank, N.A. v Stiene, 203 AD3d 985, 986-987; Bank of N.Y. Mellon v Shterenberg, 153 AD3d 1310, 1311).
Furthermore, the Supreme Court erred in denying the plaintiff's motion on the ground that the plaintiff had fully litigated the 2017 action, in which the plaintiff suffered an adverse ruling and stated that it did not intend to pursue this action. In the 2017 action, the court determined only that the 2017 action was time-barred. That determination had no bearing on this action, which predated the 2017 action and was timely when it was commenced (see Bank of Am., N.A. v Ali, 202 AD3d 726, 733). In addition, although the complaint in the 2017 action stated that if any other actions to recover the debt were "pending, a final judgment was not rendered in favor of Plaintiff and such action is intended to be discontinued," this Court determined in Bank of Am., N.A. v Ali (202 AD3d 726)—a case factually similar to the instant matter—that such a statement does not preclude a plaintiff from later assuming a contrary position in a previously commenced action where, as here, the plaintiff did not obtain a favorable judgment in the action that had been litigated. Thus, contrary to the conclusion of our dissenting colleague, the plaintiff's statement to this effect in the 2017 action does not preclude it from assuming a contrary position in this action. Furthermore, contrary to Lamarre's contention, the plaintiff did not abandon this action as a matter of law.
Finally, Lamarre's contention that this action is academic because he sold the subject property is without merit. Assuming, arguendo, that 651 Wyona, LLC, is a necessary party and that 651 Wyona, LLC, can no longer be joined as a defendant, any resulting judgment of foreclosure and sale would simply not affect the rights of 651 Wyona, LLC (see Liberty Dabar Assoc. v Mohammed, 183 AD3d 880, 882). As the parties did not address before the Supreme Court or on appeal whether 651 Wyona, LLC, is an indispensable party, there is no basis on the current record to dismiss the complaint in this action on the ground that 651 Wyona, LLC, has not been joined as a defendant (see Wells Fargo Bank, NA v Barrella, 166 AD3d 711, 714-715).
The parties' remaining contentions, raised for the first time on appeal, are not properly before this Court (see U.S. Bank N.A. v Salvodon, 189 AD3d 925, 926; U.S. Bank N.A. v Carlin, 186 AD3d 1563, 1565).
RIVERA, CHAMBERS and DOWLING, JJ., concur.
BARROS, J.P., dissents, and votes to affirm the order dated January 16, 2019, with the following [*3]memorandum:
I.
The Supreme Court properly determined that the plaintiff abandoned this action by a commencing a second foreclosure action in which it alleged in the complaint that this first action was "intended to be discontinued" (see U.S. Bank N.A. v Chait, 178 AD3d 448; U.S. Bank Trust, N.A. v Humphrey, 173 AD3d 811; Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d 804). The second action was thereafter fully litigated and resulted in an order directing dismissal of the complaint as time-barred. Given the plaintiff's abandonment of this action, the court properly denied the plaintiff's motion to vacate the order dated February 27, 2014, sua sponte, directing dismissal of the complaint as abandoned pursuant to CPLR 3215(c), and to restore the action to the active calendar.
Assuming, arguendo, that this action was not abandoned via a de facto discontinuance, and that it remained pending while the parties were litigating the second foreclosure action, the plaintiff's exhibits submitted in support of its motion were inadequate to support a vacatur of the order dated February 27, 2014, sua sponte, directing dismissal of the complaint as abandoned under CPLR 3215(c).
II.
RPAPL 1301(3) provides, inter alia, that while an action is pending, no other action shall be commenced or maintained to recover any part of the mortgage debt without leave of court in which the former action was brought. The purpose of RPAPL 1301(3) is to protect the mortgagor defendant from having to defend against two independent actions to recover the same mortgage debt, and to "avoid inappropriate duplicative and vexatious litigation" (Central Trust Co. v Dann, 85 NY2d 767, 772). Proceeding with a second foreclosure action even though this action was technically still pending (see JPMorgan Chase Bank, N.A. v Gluck, 195 AD3d 904, 906; State of New York Mtge. Agency v Braun, 182 AD3d 63, 69) constitutes a violation of RPAPL 1301(3), which would require dismissal of the second foreclosure action. In not seeking dismissal of the second foreclosure action under RPAPL 1301(3), the defendant Lucser Lamarre necessarily relied on the plaintiff's affirmative representation that the first foreclosure action was intended to be discontinued, and that the plaintiff would pursue its remedies exclusively in the second action. The plaintiff's representation in the second action that it intended to discontinue the first action was made in accordance with, and guided by, this Court's "de facto discontinuance" jurisprudence to avoid a dismissal of the second action under RPAPL 1301(3) (see U.S. Bank N.A. v Chait, 178 AD3d 448; U.S. Bank Trust, N.A. v Humphrey, 173 AD3d at 812; Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d 804).
The plaintiff's intent to abandon this action is further evinced by its more than 4½ years of inaction following the Supreme Court's issuance of the order dated February 27, 2014, sua sponte, directing dismissal of the complaint as abandoned under CPLR 3215(c). During that lengthy period, the plaintiff never took steps to restore this action on the same ground asserted now, and, instead, exclusively pursued its remedies in the second action. Similarly, Lamarre—relying upon the dismissal order in this action and the plaintiff's affirmative representation that it intended to discontinue this action—made no motions or applications in this action during that period. Under these circumstances, the plaintiff waived the right to challenge the order directing dismissal of the complaint in this action (see Bank of Am., N.A. v Ali, 202 AD3d 726, 734 [Hinds-Radix, J., dissenting]; see also RPAPL 1301[3]; GMAC Mtge., LLC v Ortiz, 177 AD3d 421; Onewest Bank, FSB v McKay, 172 AD3d 887). Accordingly, the court properly denied the plaintiff's motion to vacate the order dated February 27, 2014, and to restore the action to the active calendar.
III.
This Court's holding herein, as well as in Bank of Am., N.A. v Ali (202 AD3d 726) [*4]and Deutsche Bank Natl. Trust Co. v Gambino (181 AD3d 558), has far reaching consequences given the number of mortgage foreclosure actions that have been either administratively or erroneously dismissed, and thereafter abandoned by plaintiffs in favor of subsequent foreclosure actions. Under these recent holdings, plaintiffs may prosecute a second foreclosure action, and, if unsuccessful, can, without any time limitation, simply revive the first foreclosure action by moving to vacate the administrative or erroneous dismissal. Such procedure undermines the legislative purpose of RPAPL 1301(3) to avoid duplicative and vexatious litigation in mortgage foreclosure actions, and violates notions of judicial economy, finality, and public confidence in the judicial process.
In areas of the law affecting real property ownership, "the need for clarity and consistency are at their zenith" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 19). In her dissent in Bank of Am., N.A. v Ali (202 AD3d at 735), Justice Sylvia O. Hinds-Radix aptly warned that this Court's jurisprudence permitting the resurrection of a prior foreclosure action after a subsequent action to recover on the same mortgage debt has been dismissed as time-barred "could wreak havoc with title records." Indeed, under RPAPL 1501(4), the right of property owners to seek cancellation and discharge of a mortgage vests upon expiration of the statute of limitations. Thus, an order directing dismissal of a foreclosure action as time-barred is critical in determining whether title is encumbered by a mortgage under RPAPL 1501(4).
Notably, here, after the dismissal of the first action but before the plaintiff's commencement of the second action, the subject property was sold to nonparty 651 Wyona, LLC. Given that the second action was dismissed as time-barred, and that the abandoned/dismissed first action is now revived, there is an open question whether the nonparty's title to the property is encumbered by the mortgage. This Court's jurisprudence, as further accepted by the majority, injects uncertainty and confusion regarding real property ownership and the validity of mortgage liens.
Moreover, I disagree with the majority's conclusory determination that a judgment of foreclosure and sale in this action "would simply not affect the rights" of the nonparty property owner. If the plaintiff prevails in this foreclosure action, it may affect whether the nonparty's title to the property is encumbered by the mortgage held by the plaintiff.
IV.
In any event, the plaintiff failed to submit sufficient evidence showing that it was entitled to vacate the order directing dismissal of the complaint under CPLR 3215(c). In the order dated February 27, 2014, the Supreme Court determined that the plaintiff "failed to proceed to entry of judgment within one year of default," and specifically noted that "[t]ime spent prior to discharge from mandatory settlement conference" was not computed in calculating the one-year period.
In support of its motion, inter alia, to vacate that order, the plaintiff relied upon computer entries from the Kings County Clerk's Office indicating that a proposed order of reference against an unidentified defendant was filed in October 2008. The computer records further indicated that the proposed order of reference was returned to the plaintiff along with a form explaining the basis for the rejection.
In support of its motion, the plaintiff failed to submit a copy of the rejected proposed order of reference, or a copy of the form rejecting the papers, and offered no explanation for failing to do so. The plaintiff did not identify the claimed defects or explain its failure to fix the defects during the ensuing 10 years. Given that the Supreme Court determined in February 2014 (more than eight years ago) that there was no such timely motion for an order of reference against Lamarre, the plaintiff's exhibits were woefully inadequate to challenge that determination (see Wells Fargo Bank, N.A. v Jackson, 208 AD3d 613, 614; U.S. Bank N.A. v Moster, 196 AD3d 663, 665; US Bank, N.A. v Onuoha, 162 AD3d 1094, 1096). The plaintiff failed to show that it took proceedings for entry of a default judgment against Lamarre within a year of his default in answering (see HSBC Mtge. Corp. v Hasan, 186 AD3d 1495, 1497).
V.
In sum, the plaintiff abandoned this action by commencing a second action in which it represented that this action was intended to be discontinued, and then exclusively sought its remedies through its prosecution of a second action all the way to its conclusion. In any event, there is no valid reason for this Court to vacate the Supreme Court's order determining that the plaintiff abandoned this first action under CPLR 3215(c). Accordingly, the Supreme Court properly denied the plaintiff's motion to vacate the order dated February 27, 2014, and to restore the action to the active calendar.
ENTER:
Maria T. Fasulo
Clerk of the Court