Wells Fargo Bank, N.A. v Lopez (2023 NY Slip Op 01321)

Wells Fargo Bank, N.A. v Lopez

2023 NY Slip Op 01321

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-02349
 (Index No. 6810/09)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Guillermo Lopez, appellant, et al., defendants.

Charles Wallshein, Melville, NY, for appellant.
Hinshaw & Culbertson, LLP, New York, NY (Fernando C. Rivera-Maissonet and Schuyler B. Kraus of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Guillermo Lopez appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 20, 2019. The order granted the plaintiff's motion pursuant to CPLR 5015(a) to vacate an order of the same court (Kathryn D. Hopkins, Ct. Atty. Ref.) dated September 12, 2012, sua sponte, directing dismissal of the complaint as abandoned pursuant to CPLR 3215(c), and to restore the action to the active calendar.
ORDERED that the order entered December 20, 2019, is affirmed, with costs.
In March 2005, the defendant Guillermo Lopez (hereinafter the defendant) executed a note in the sum of $379,040, which was secured by a mortgage against certain real property in Levittown. In April 2009, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. The defendant failed to appear or answer the complaint. In an order dated March 26, 2010, the Supreme Court granted the plaintiff's motion, among other things, for an order of reference. In an order dated September 12, 2012, the court, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c). In August 2019, the plaintiff moved pursuant to CPLR 5015(a) to vacate the order dated September 12, 2012, and to restore the action to the active calendar. In an order entered December 20, 2019, the court granted the plaintiff's motion. The defendant appeals.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." However, "[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c)" (U.S. Bank, N.A. v Stiene, 203 AD3d 985, 986-987; see National City Mtge. Co. v Sclavos, 172 AD3d 884, 885). "Rather, it is enough that the plaintiff timely takes the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference within one year of the default" (U.S. Bank, N.A. v Stiene, 203 AD3d at 987; see American Home Mtge. Acceptance, Inc. v Lubonty, 188 AD3d 767, 768-769). "As long as the plaintiff has initiated proceedings for the entry of a judgment within one year of the default, there [*2]is no basis for dismissal of the complaint pursuant to CPLR 3215(c)" (National City Mtge. Co. v Sclavos, 172 AD3d at 885).
Here, within one year after the defendant's default, the plaintiff took the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference, and thus, the plaintiff did not abandon the action within the meaning of CPLR 3215(c) (see U.S. Bank, N.A. v Stiene, 203 AD3d at 987; US Bank, NA v Chime, 185 AD3d 754, 756; US Bank, N.A. v Picone, 170 AD3d 1070, 1072). Since dismissal of the action under CPLR 3215(c) was unwarranted, the Supreme Court properly granted the plaintiff's motion to vacate the order dated September 12, 2012, and to restore the action to the active calendar (see U.S. Bank, N.A. v Stiene, 203 AD3d at 987; National City Mtge. Co. v Sclavos, 172 AD3d at 885-886; US Bank, N.A. v Picone, 170 AD3d at 1072).
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court