Whelan v Kingstone Cos., Inc. (2023 NY Slip Op 02710)

Whelan v Kingstone Cos., Inc.

2023 NY Slip Op 02710

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2021-01122 
2021-03095
 (Index No. 610147/20)

[*1]David J. Whelan, et al., appellants,
v
Kingstone Companies, Inc., et al., respondents.

Patricia Weiss, Sag Harbor, NY, for appellants.
McCauley Law Firm, LLP, White Plains, NY (Todd M. McCauley of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendants are obligated to defend and indemnify the plaintiffs in connection with a counterclaim asserted in an underlying action entitled Whelan v Busiello, pending in the Supreme Court, Suffolk County, under Index No. 624896/19, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (James Hudson, J.), dated January 12, 2021, and (2) an order of the same court (Denise F. Molia, J.) dated March 30, 2021. The order dated January 12, 2021, in effect, dismissed the plaintiff's motion pursuant to CPLR 3211(b) to dismiss 14 of the defendants' affirmative defenses and pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the defendants and for an award of costs, and, sua sponte, transferred the action from the Commercial Division of the Supreme Court, Suffolk County, to a noncommercial part of the same court. The order dated March 30, 2021, denied the plaintiffs' motion, denominated as one for leave to renew and reargue, but which was, in actuality, a renewed motion pursuant to CPLR 3211(b) to dismiss 14 of the defendants' affirmative defenses and pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the defendants and for an award of costs.
ORDERED that the appeal from so much of the order dated January 12, 2021, as, sua sponte, transferred the action from the Commercial Division of the Supreme Court, Suffolk County, to a noncommercial part of the same court is dismissed, as no appeal lies as of right from a portion of an order that does not decide a motion made on notice (see CPLR 5701[a]), and leave to appeal has not been granted; and it is further,
ORDERED that the order dated January 12, 2021, is affirmed insofar as reviewed; and it is further,
ORDERED that the order dated March 30, 2021, is reversed, on the law, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination on the merits of the plaintiffs' motion, denominated as one for leave to renew and reargue, but which was, in actuality, a renewed motion pursuant to CPLR 3211(b) to dismiss 14 of the defendants' affirmative defenses and pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the defendants and for an award of costs; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The plaintiffs commenced this action seeking, among other things, a judgment declaring that the defendants are obligated to defend and indemnify the plaintiffs in connection with a counterclaim asserted in an underlying action entitled Whelan v Busiello, pending in the Supreme Court, Suffolk County, under Index No. 624896/19, pursuant to a liability insurance policy issued to them by the defendant Kingstone Insurance Company. The defendants answered the complaint and asserted various affirmative defenses. The plaintiffs moved pursuant to CPLR 3211(b) to dismiss 14 of the defendants' affirmative defenses and pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the defendants and for an award of costs. By order dated January 12, 2021 (hereinafter the first order), the Supreme Court, in effect, dismissed the plaintiffs' motion, and, sua sponte, transferred the action from the Commercial Division to a noncommercial part. The court determined that, since the plaintiffs sought a declaration with respect to insurance coverage for personal injury, the matter must be transferred to a noncommercial part pursuant to 22 NYCRR 202.70(c)(2), and directed that the matter be referred to the Suffolk County Clerk for reassignment.
Thereafter, the plaintiffs made a motion in the noncommercial part, denominated as one for leave to renew and reargue, but which was, in actuality, a renewed motion pursuant to CPLR 3211(b) to dismiss 14 of the defendants' affirmative defenses and pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the defendants and for an award of costs. By order dated March 30, 2021 (hereinafter the second order), the Supreme Court denied the plaintiffs' motion on the grounds that the plaintiffs had failed to establish that the Supreme Court, in the first order, overlooked or misapprehended the law or the facts in denying their prior motion, and failed to provide any new facts that were not offered on the prior motion or that there was a change in the law. The plaintiffs appeal.
The Supreme Court, in the second order, improperly treated the plaintiffs' second motion as one for leave to renew and reargue pursuant to CPLR 2221. Although the plaintiffs incorrectly denominated their second motion as one for leave to renew and reargue their prior motion, there was no determination to review pursuant to CPLR 2221, as the Supreme Court never reached the merits of the prior motion (cf. U.S. Bank, N.A. v Stiene, 203 AD3d 985, 986). Instead, in the first order, the court, in effect, dismissed the motion on the ground that the action had to be transferred to the noncommercial part. In their second motion, the plaintiffs argued, among other things, that the court had "overlooked the merits of the arguments," and that upon the transfer of the case to the noncommercial part, "the motion should have been 'carried with the case' so the successor judge could decide the motion" and, since that did not occur, "now, under CPLR 2221, this Part should decide the motion de novo." Under the circumstances, the Supreme Court, in deciding the plaintiffs' second motion, should not have applied the standard applicable to a motion for leave to renew and reargue.
Since the Supreme Court did not consider the merits of the plaintiffs' renewed motion pursuant to CPLR 3211(b) to dismiss 14 of the defendants' affirmative defenses and pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the defendants and for an award of costs, the matter must be remitted to the Supreme Court, Suffolk County, for a determination of the plaintiffs' renewed motion on the merits (see Countrywide Home Loans, Inc. v Campbell, 164 AD3d 646, 647-648).
The plaintiffs' remaining contentions are either without merit or not properly before this Court.
DILLON, J.P., CHAMBERS, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court