Wells Fargo Bank, N.A. v Wint (2025 NY Slip Op 00698)

Wells Fargo Bank, N.A. v Wint

2025 NY Slip Op 00698

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2022-07290 
2023-03692
 (Index No. 8777/10)

[*1]Wells Fargo Bank, N.A., etc., appellant, 
v
Marcia Wint, respondent, et al., defendants.

McGlinchey Stafford, PLLC, New York, NY (Matthew J. Gordon and Margaret J. Cascino of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Kathryn D. Hopkins, Ct. Atty. Ref.), dated February 25, 2015, and (2) an order of the same court (David P. Sullivan, J.) dated August 4, 2022. The order dated February 25, 2015, denied the plaintiff's motion, in effect, pursuant to CPLR 2221(a) to vacate an order of the same court (Kathryn D. Hopkins, Ct. Atty. Ref.) dated July 31, 2012, sua sponte, directing dismissal of the complaint as abandoned pursuant to CPLR 3215(c), and to restore the action to the active calendar. The order dated August 4, 2022, insofar as appealed from, in effect, upon reargument and renewal, adhered to the determination in the order dated February 25, 2015.
ORDERED that the order dated February 25, 2015, is reversed, on the law, the plaintiff's motion, in effect, pursuant to CPLR 2221(a) to vacate the order dated July 31, 2012, and to restore the action to the active calendar is granted, and so much of the order dated August 4, 2022, as, in effect, upon reargument and renewal, adhered to the determination in the order dated February 25, 2015, denying the plaintiff's motion, in effect, pursuant to CPLR 2221(a) to vacate the order dated July 31, 2012, and to restore the action to the active calendar is vacated; and it is further,
ORDERED that the appeal from the order dated August 4, 2022, is dismissed as academic in light of our determination on the appeal from the order dated February 25, 2015; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In May 2010, the plaintiff commenced this action against, among others, the defendant Marcia Wint (hereinafter the defendant) to foreclose a mortgage encumbering certain real property located in Nassau County. After the defendant failed to answer or otherwise appear, the plaintiff moved for an order of reference. By order dated April 8, 2011, the Supreme Court denied the plaintiff's motion without prejudice to renew based upon the plaintiff's failure to establish its compliance with RPAPL 1304. The plaintiff subsequently moved for the same relief, which was denied without prejudice to renew in an order dated October 11, 2011.
In an order dated July 31, 2012, the Supreme Court, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) (hereinafter the dismissal order). In [*2]October 2014, the plaintiff moved, in effect, pursuant to CPLR 2221(a) to vacate the dismissal order and to restore the action to the active calendar. In an order dated February 25, 2015, the court denied the motion.
Thereafter, the plaintiff moved, in effect, for leave to reargue and renew its prior motion to vacate the dismissal order and to restore the action to the active calendar. In an order dated August 4, 2022, the Supreme Court, in effect, upon reargument and renewal, adhered to the determination in the order dated February 25, 2015. The plaintiff appeals from the orders dated February 25, 2015, and August 4, 2022.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed" (see Deutsche Bank Natl. Trust Co. v Campbell, 219 AD3d 701, 703; Bank of Am., N.A. v Rice, 155 AD3d 593, 593). "It is not necessary for a plaintiff to actually obtain a judgment within one year after the default to avoid a CPLR 3215(c) dismissal, so long as proceedings were undertaken to do so during the initial year after the defendant's default" (Citibank, N.A. v Kerszko, 203 AD3d 42, 51 [emphasis omitted]; see Deutsche Bank Natl. Trust Co. v Campbell, 219 AD3d at 703). "Nor is a plaintiff required to specifically seek the entry of a judgment within a year" (Deutsche Bank Natl. Trust Co. v Campbell, 219 AD3d at 703; see Aurora Loan Servs., LLC v Bandhu, 175 AD3d 1470, 1471; Wells Fargo Bank, N.A. v Daskal, 142 AD3d 1071, 1072-1073). "As long as the plaintiff has initiated proceedings for the entry of a judgment within one year of the default, there is no basis for dismissal of the complaint pursuant to CPLR 3215(c)" (Deutsche Bank Natl. Trust Co. v Campbell, 219 AD3d at 703; see Aurora Loan Servs., LLC v Bandhu, 175 AD3d at 1471).
Here, the plaintiff initiated proceedings for the entry of a judgment by moving for an order of reference within one year of the defendant's default in the action (see Deutsche Bank Natl. Trust Co. v Campbell, 219 AD3d at 703; Citibank, N.A. v Kerszko, 203 AD3d at 52). "'The fact that the Supreme Court rejected the motion as defective is beside the point, as the mere presentment of it established the plaintiff's intent to proceed toward the entry of judgment and not to abandon the action'" (MidFirst Bank v Morris, 221 AD3d 889, 890, quoting Citibank, N.A. v Kerszko, 203 AD3d at 52 [alterations omitted]). Since the plaintiff did not fail to take timely proceedings for a judgment against the defendant within the meaning of CPLR 3215(c), the plaintiff was not required to demonstrate an excuse for its purported delay in moving to vacate the dismissal order (see U.S. Bank N.A. v Cadoo, 197 AD3d 586, 588). Moreover, the plaintiff's motion, inter alia, in effect, pursuant to CPLR 2221(a) to vacate the dismissal order was not subject to any specific time limitation (see Deutsche Bank Natl. Trust Co. v Campbell, 219 AD3d at 702; U.S. Bank N.A. v Thompson, 189 AD3d 1643, 1644). Accordingly, the Supreme Court should have granted the plaintiff's motion, in effect, pursuant to CPLR 2221(a) to vacate the dismissal order and to restore the action to the active calendar (see Wells Fargo Bank, N.A. v Lopez, 214 AD3d 844, 845).
DUFFY, J.P., CONNOLLY, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court