Nechadim Corp. v 500 Putnam St. Realty, LLC (2025 NY Slip Op 02211)

Nechadim Corp. v 500 Putnam St. Realty, LLC

2025 NY Slip Op 02211

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-01885
 (Index No. 522430/21)

[*1]Nechadim Corp., appellant, 
v
500 Putnam Street Realty, LLC, respondent, et al., defendants.

Joseph J. Haspel, Middletown, NY, for appellant.
Dorf Nelson & Zauderer LLP, Rye, NY (Jonathan B. Nelson of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 24, 2022. The order denied the plaintiff's motion for leave to enter a default judgment against the nonanswering defendants and granted the cross-motion of the defendant 500 Putnam Street Realty, LLC, pursuant to CPLR 5015(a)(1) to vacate its default in appearing or answering the complaint and pursuant to CPLR 3012(d) to compel the plaintiff to accept its late answer.
ORDERED that the order is affirmed, with costs.
In 2008, the defendant 500 Putnam, LLC, and a co-obligor executed a mortgage in favor of the plaintiff on real property owned by 500 Putnam, LLC (hereinafter the subject property), and other real properties owned by the co-obligor. By its terms, the mortgage loan became due and payable on February 8, 2009. A substantial payment was made on the mortgage on June 29, 2012, derived from the sale of the co-obligor's properties, by virtue of a stipulation entered into between the plaintiff and the co-obligor in the co-obligor's bankruptcy proceeding. Thereafter, on July 6, 2012, the subject property was sold to the defendant 500 Putnam Street Realty, LLC (hereinafter 500 Putnam Street Realty), which executed a mortgage on the subject property that was subsequently assigned to the defendant BankUnited, N.A. (hereinafter BankUnited).
On September 1, 2021, the plaintiff commenced this action to foreclose the mortgage. None of the defendants, except BankUnited, appeared or answered the complaint, and, on or about October 14, 2021, the plaintiff moved for leave to enter a default judgment against all nonanswering defendants. On or about November 24, 2021, 500 Putnam Street Realty cross-moved pursuant to CPLR 5015(a)(1) to vacate its default in appearing or answering the complaint and pursuant to CPLR 3012(d) to compel the plaintiff to accept its late answer. By order dated February 24, 2022, the Supreme Court denied the plaintiff's motion and granted 500 Putnam Street Realty's cross-motion. The plaintiff appeals.
Initially, 500 Putnam Street Realty's contention that this appeal has been rendered academic is based upon matters dehors the record, and, furthermore, that issue was already decided in a decision and order on motion of this Court dated October 13, 2023, on a motion by 500 Putnam Street Realty to dismiss the appeal.
"A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer . . . must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense" (Pare v Pare, 222 AD3d 765, 767; see ZG Palmetto, LLC v Alongi, 230 AD3d 1194, 1196). Here, the plaintiff conceded that 500 Putnam Street Realty had a reasonable excuse for its default in appearing or answering the complaint and, thus, the only contested issue was whether 500 Putnam Street Realty demonstrated a potentially meritorious defense. 500 Putnam Street Realty made that showing by demonstrating that it had a potentially meritorious statute of limitations defense. In particular, 500 Putnam Street Realty demonstrated that this action was commenced more than six years after the note matured and became due (see Comito v Z & N Enters. Corp., 230 AD3d 469, 471; RTT Holdings, LLC v Nacht, 206 AD3d 834, 835). Furthermore, this action was commenced more than six years after the subject property was sold, an event which accelerated the mortgage pursuant to its terms. Accordingly, the Supreme Court providently exercised its discretion in granting 500 Putnam Street Realty's cross-motion pursuant to CPLR 5015(a)(1) to vacate its default in appearing or answering the complaint and pursuant to CPLR 3012(d) to compel the plaintiff to accept its late answer.
The Supreme Court also properly denied the plaintiff's motion for leave to enter a default judgment against the nonanswering defendants. A party moving for leave to enter a default judgment must submit, inter alia, "proof of the facts constituting the claim . . . by affidavit made by the party" (CPLR 3215[f]). Here, the complaint was not verified by the plaintiff and no affidavit was submitted in support of the plaintiff's motion. Further, contrary to the plaintiff's contention, judicial determinations regarding other claims made in prior actions by parties to this action do not constitute proof of the facts comprising the instant foreclosure claim. Therefore, the plaintiff failed to satisfy its initial burden of submitting "proof of the facts constituting the claim" (id.; Knudsen v Green Mach. Landscaping, Inc., 223 AD3d 792, 793; U.S. Bank, N.A. v Stiene, 203 AD3d 985, 987).
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., WOOTEN, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court