## Pacifica L Fourteen, LLC v Howard

2025 NY Slip Op 32046(U)

June 9, 2025

Supreme Court, Kings County

Docket Number: Index No. 507662/14

Judge: Cenceria P. Edwards

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 9th day of June, 2025.

P R E S E N T :

HON. CENCERIA EDWARDS,

Justice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

PACIFICA L FOURTEEN, LLC,

Plaintiff,

- against -

Index No. 507662/14

DUNOUS HOWARD; NEW YORK CITY PARKING VIOLATIONS BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; LORRAINE CARPETTE; PHYLLIS BOWEN; JAMES EDWARDS,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

The following e-filed papers read herein:          NYSCEF Doc Nos.

Notice of Motion/Order to Show Cause/Cross
Motion and Affidavits (Affirmations) _____          98-121    134-146
Opposing Affidavits (Affirmations)_____          131          147
Reply Affidavits (Affirmations)_____          132, 147

Upon the foregoing papers in this action to foreclose a mortgage encumbering the residential property at 255 Saratoga Avenue in Brooklyn (Block 1562, Lot 10) (Property), Plaintiff Pacifica L Fourteen, LLC (Pacifica or Plaintiff) moves (in motion sequence [mot. seq.] six) for an order: (1) confirming the Referee's Report made in accordance with RPAPL § 1321; (2) granting it a Judgment of Foreclosure and Sale, pursuant to RPAPL § 1351; and (3) directing the distribution of the sale proceeds, pursuant to RPAPL § 1354 (NYSCEF Doc No. 98).

[* 1]

Defendant Dunous Howard (Howard) cross-moves (in mot. seq. seven) for an order, pursuant to CPLR 2004, 2103, 3212, 5015(a)(1) - (a)(4) and 5240, vacating the September 9, 2019, Order of Reference and Summary Judgment granted in favor of Plaintiff, which was entered on September 30, 2019 (NYSCEF Doc No. 134).

## **Background**

On August 20, 2014, Pacifica commenced this foreclosure action by filing a summons, an unverified complaint and a notice of pendency against the Property (NYSCEF Doc Nos. 1 and 2). The complaint alleges that on August 23, 2006, Howard executed and delivered to Plaintiff's assignor a $571,976.00 promissory note, which was secured by a purchase money mortgage encumbering Howard's Property (NYSCEF Doc No. 1 at ¶¶ 7-8). The complaint further alleges that on or about March 14, 2012, Howard executed and delivered to Plaintiff a mortgage modification agreement (*id.* at ¶ 9). The complaint alleges that Howard "has defaulted in making the monthly payment due on May 1, 2012 and monthly thereafter" (*id.* at ¶ 13). Notably, Exhibit A to the complaint is a copy of the August 23, 2006, promissory note in favor of the original lender, Wells Fargo Bank. N.A. (Wells Fargo), with alloges that *do not include* any endorsement from Wells Fargo (NYSCEF Doc No. 4).

On August 26, 2015, Howard answered the complaint, denied the material allegations therein and asserted lack of standing and failure to state a claim as affirmative defenses (NYSCEF Doc No. 28). The answer specifically asserts that:

> "[t]he Note attached to the complaint is made out to Wells
> Fargo Bank but Wells Fargo never endorsed it. As a result,

2

[* 2]

there is a clear standing defense. Where a defense appears on the face of the pleadings, Plaintiff has failed to state a claim" (*id.* at 3).

On November 4, 2015, Pacifica moved for summary judgment, an order of reference and a default judgment against the non-appearing defendants (NYSCEF Doc No. 30).

By a March 24, 2016, decision and order, the court (Dear, J.) granted Pacifica's summary judgment motion without opposition and struck Howard's answer to the complaint (NYSCEF Doc No. 48).

Thereafter, Howard moved to vacate and reargue the court's March 24, 2016 order granting Plaintiff's motion for summary judgment and an order of reference. By a December 7, 2017, decision and order, the court (Dear, J.) granted Howard's motion and vacated the March 24, 2016 Order granting summary judgment and an Order of Reference on the ground that Howard asserted a valid standing defense in his answer:

> "Herein, *pro se* Defendant Howard raises lack of standing, which he raised as a defense in his answer. Plaintiff's motion for summary judgment having been unopposed, the Court did not review the entire record including Defendant's answer, wherein Defendant pointed to the unendorsed Note attached to the complaint. Specifically, Defendant argued that . . . while the Note contains alonges, it is unendorsed by Wells Fargo, the original mortgagee. As such, an issue of fact remains with respect to standing" (NYSCEF Doc No. 72).

On June 20, 2019, Pacifica, once again, moved for summary judgment, an order of reference and a default judgment, despite the court's prior ruling (NYSCEFF Doc No. 75).

By a September 9, 2019, order, the court (Dear, J.) granted Pacifica summary judgment, an order of reference, a default judgment against the non-appearing defendants and struck

[* 3]

Howard's answer to the complaint without addressing Howard's standing defense or the court's previous holding that there was a triable issue of fact regarding Pacifica's standing (NYSCEF Doc No. 95).

### Pacifica's Instant Motion

On March 12, 2020, Pacifica moved for an order confirming the February 25, 2020 Referee's Report and granting a Judgment of Foreclosure and Sale (NYSCEF Doc No. 98).

### Defendant Howard's Opposition and Cross-Motion to Vacate

Defendant Howard, in opposition, submitted an attorney affirmation asserting that denial of Pacifica's motion is warranted because Pacifica failed to demonstrate its standing since the note in the record reflects that it was not endorsed by Wells Fargo, the original lender, and there is no assignment of the note in the record (NYSCEF Doc No. 131 at ¶ 2). Defense counsel notes that Howard may raise standing as a defense although his answer was stricken, and the defense is preserved, pursuant to RPAPL § 1302-A (*id.* at ¶ 4).

On June 29, 2022, Howard also cross-moved for an order vacating the September 9, 2019, Order of Reference (NYSCEF Doc No. 134). Defense counsel argues that Pacifica's second, successive summary judgment motion was improper because the court previously held that there were issues of fact regarding Wells Fargo's transfer of the note (NYSCEF Doc No. 135 at ¶¶ 4-6). Defense counsel argues that:

> "[t]he second summary judgment motion was **filed in complete defiance** of the 'Law of the Case' which said that the Note as currently endorsed along with the assignment and other exhibits, lacked standing (at least at the summary judgment level). The entire second motion for summary judgment is precluded by *Res Judicata*. Only new proof, such as producing

[* 4]

the missing endorsement of Wells Fargo, would allow a new motion" (*id.* at ¶ 11).

Defense counsel asserts that Pacifica should have moved for leave to reargue the court's December 7, 2017, decision and order vacating the March 24, 2016 Order of Reference, and demonstrate that the court mistakenly vacated the March 24, 2016, Order of Reference, rather than proceed with another successive summary judgment motion (*id.* at ¶ 12).

***Pacifica's Opposition***

Pacifica, in opposition to Howard's cross-motion to vacate, submits an attorney affirmation arguing that Howard's claims are barred by the doctrines of res judicata and law of the case because Howard either litigated or had an opportunity to litigate them (NYSCEF Doc No. 147 at ¶ 4). Although the September 9, 2019, Order of Reference was granted without addressing Pacifica's standing (*see* NYSCEF Doc No. 143), Pacifica's counsel nevertheless argues that "Defendant seeks to utilize his Cross-Motion to Plaintiff's Motion for Judgment of Foreclosure and Sale to present arguments *which this Court already decided* upon in its prior Order granting Summary Judgment and an Order of Reference" (*id.* at ¶ 7 [emphasis added]). Counsel also asserts that "Plaintiff demonstrated its standing by attaching a copy of the Note with allonge to blank to the Complaint filed herein" and thus, "Defendant's argument regarding standing should once again be disregarded by this Court . . ." (*id.* at ¶ 13).

5

[* 5]

## Discussion

Pursuant to CPLR 5015 (a), a court is "authorized to vacate its prior order as part of its 'inherent discretionary power'" (*U.S. Bank, N.A. v Stiene*, 203 AD3d 985 [2d Dept 2022]). The Supreme Court retains "inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice" when a judgment was issued through fraud, mistake, inadvertence, surprise or excusable neglect (*Wells Fargo Bank, N.A. v Choo*, 159 AD3d 938, 939 [2d Dept 2018]).

Here, vacatur of the September 9, 2019 Order granting Pacifica summary judgment, an order of reference and a default judgment against the non-appearing defendants is warranted due to a mistake, since the court previously determined that there were triable issues of fact regarding Pacifica's standing to foreclose based on the lack of an endorsement on the promissory note by Wells Fargo or an assignment of the note from Wells Fargo, the original lender. That ruling, which constitutes law of the case, was overlooked when the court mistakenly issued the September 9, 2019 Order of Reference. Accordingly, it is hereby

**ORDERED** that Pacifica's motion (mot. seq. six) is denied as moot; and it is further

**ORDERED** that Defendant Howard's cross-motion (mot. seq. seven) is only granted to the extent that the September 9, 2019, Order of Reference is vacated.

This constitutes the decision and order of the court.

June 9, 2025

E N T E R,

_____

J. S. C. Hon. Cenceria P. Edwards

6

[* 6]