U.S. Bank Trust, N.A. v Donohue (2026 NY Slip Op 01396)

U.S. Bank Trust, N.A. v Donohue

2026 NY Slip Op 01396

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2024-08759
 (Index No. 34369/23)

[*1]U.S. Bank Trust, N.A., etc., appellant, 
vMichael Donohue, etc., et al., defendants.

Gross Polowy LLC, Williamsville, NY (Steven Rosenfeld and Frances Catapano of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated May 21, 2024. The order, insofar as appealed from, denied those branches of the plaintiff's unopposed motion which were for leave to enter a default judgment and for an order of reference and, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) and on equitable grounds.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) and on equitable grounds is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and those branches of the plaintiff's motion which were for leave to enter a default judgment and for an order of reference are granted.
In February 2008, HSBC Mortgage Corporation (USA) (hereinafter HSBC) commenced this action against the defendant Michael Donohue, among others, to foreclose a mortgage on certain real property located in South Nyack. All the defendants defaulted in answering the complaint. In May 2008, HSBC moved, inter alia, for leave to enter a default judgment and for an order of reference. In an order dated May 21, 2008, the Supreme Court granted the motion. On August 4, 2008, the court issued an order and judgment of foreclosure and sale.
In 2019, the mortgage was assigned to the plaintiff. In September 2019, the plaintiff moved, among other things, to vacate the order dated May 21, 2008, and the order and judgment of foreclosure and sale and for a new order of reference. In an order dated December 20, 2019, the Supreme Court denied the motion with leave to file a motion to restore the action to active status by January 31, 2020. The plaintiff timely moved, inter alia, to restore the action to active status, and in an order dated September 9, 2020, the court granted the motion and directed the plaintiff to move for an order of reference within 30 days.
In September 2023, the plaintiff moved, among other things, for leave to enter a default judgment and for an order of reference. The motion was unopposed. In an order dated May 21, 2024, the Supreme Court, inter alia, denied those branches of the motion and, sua sponte, [*2]directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) and on equitable grounds. The court noted that the action had been commenced more than 16 years earlier and that the plaintiff had waited 3 years to move for leave to enter a default judgment and for an order of reference when it had been directed to do so within 30 days after the order dated September 9, 2020. The plaintiff appeals.
CPLR 3215(c) provides: "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." To avoid dismissal pursuant to CPLR 3215(c), it is not necessary for a plaintiff to actually obtain a default judgment within one year of the default (see Deutsche Bank Natl. Trust Co. v Singh, 236 AD3d 859, 860; Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d 555, 557). "As long as the plaintiff has initiated proceedings for the entry of a judgment within one year of the default, there is no basis for dismissal of the complaint pursuant to CPLR 3215(c)" (Deutsche Bank Natl. Trust Co. v Singh, 236 AD3d at 860; see Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d at 557).
Here, since HSBC obtained an order of reference and a judgment of foreclosure and sale within months of the defendants' default in answering the complaint, the plaintiff did not abandon the action within the meaning of CPLR 3215(c) (see Wells Fargo Bank, N.A. v Lopez, 214 AD3d 844, 845; U.S. Bank, N.A. v Stiene, 203 AD3d 985, 987). Furthermore, once the plaintiff established that proceedings had been initiated for the entry of a judgment within one year after the defendants' default, "it was in compliance with CPLR 3215(c) and it was not required, under the plain language of that subdivision, to account for any additional periods of delay that may have occurred subsequent to the initial one-year period contemplated by CPLR 3215(c)" (Citimortgage, Inc. v Zaibak, 188 AD3d 982, 983; see Deutsche Bank Natl. Trust Co. v Lamarre, 211 AD3d 811, 813). Accordingly, the Supreme Court erred in, sua sponte, directing dismissal of the complaint as abandoned pursuant to CPLR 3215(c).
The Supreme Court also erred in, sua sponte, directing dismissal of the complaint on equitable grounds. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (James B. Nutter & Co. v Heirs & Distributees of Estate of Middleton, 228 AD3d 918, 919 [internal quotation marks omitted]; see Onewest Bank, FSB v Tarantola, 156 AD3d 711; Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682). A court may not sua sponte dismiss a complaint for failure to move for an order of reference by an arbitrary date set by the court (see Onewest Bank, FSB v Perwaiz, 204 AD3d 935, 936). Delay in moving for an order of reference "is simply not a sufficient ground upon which to direct sua sponte dismissal of the complaint" (id. at 937; see Onewest Bank, FSB v Tarantola, 156 AD3d at 711).
In general, "[t]he procedural device of dismissing a complaint for undue delay is a legislative creation, and courts do not possess the inherent power to dismiss an action for general delay" except as authorized by statute (U.S. Bank N.A. v Bhagwandeen, 216 AD3d 700, 702 [internal quotation marks omitted]; see Chase v Scavuzzo, 87 NY2d 228, 232; Bank of N.Y. v Harper, 176 AD3d 907, 909). CPLR 3216 is "the statutory provision addressing '[w]ant of prosecution'" (U.S. Bank N.A. v Bhagwandeen, 216 AD3d at 702). "'A court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met'" (Bank of Am., N.A. v Banu, 231 AD3d 781, 782, quoting Delgado v New York City Hous. Auth., 21 AD3d 522, 522). CPLR 3216(b)(1) states that no dismissal should be made under this statute unless issue has been joined. Here, none of the defendants submitted an answer to the complaint, and thus, issue was never joined (see id.; Bank of N.Y. v Harper, 176 AD3d at 908). Therefore, "'[s]ince at least one precondition set forth in CPLR 3216 was not met here, the Supreme Court was without power to dismiss the action pursuant to that statute'" (Bank of N.Y. v Harper, 176 AD3d at 908, quoting U.S. Bank N.A. v Ricketts, 153 AD3d 1298, 1299).
Pursuant to 22 NYCRR 202.27, a court has discretion to dismiss an action where a plaintiff failed to appear "[a]t any scheduled call of a calendar or at any conference" (see Bank of [*3]Am., N.A. v Banu, 231 AD3d at 782; Bank of N.Y. v Harper, 176 AD3d at 909). Here, however, the Supreme Court did not direct dismissal of the complaint based upon a failure to appear at a conference, "but rather for failure to move for an order of reference by a date certain without good cause shown" (Bank of Am., N.A. v Banu, 231 AD3d at 782-783). Thus, 22 NYCRR 202.27 could not have provided the basis for dismissal of the complaint (see Bank of Am., N.A. v Banu, 231 AD3d at 783; Bank of N.Y. v Harper, 176 AD3d at 909).
Accordingly, in the absence of extraordinary circumstances or a statutory basis for doing so, the Supreme Court erred in, sua sponte, directing dismissal of the complaint.
Furthermore, the Supreme Court should have granted those branches of the plaintiff's motion which were for leave to enter a default judgment and for an order of reference. "On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting party's default in answering or appearing" (TCIF REO GCM, LLC v Walker, 139 AD3d 704, 706 [internal quotation marks omitted]; see CPLR 3215[f]; Citmortgage, Inc. v Barton, 212 AD3d 706, 707; Nationstar Mtge., LLC v Esdelle, 186 AD3d 1384, 1387). Here, the plaintiff met these requirements by submitting, among other things, the mortgage agreement, the unpaid note, an affidavit of an employee of the plaintiff's servicing agent establishing Donohue's default on his payment obligations, a limited power of attorney, and affidavits of service (see RPAPL 1321; Wells Fargo Bank, N.A. v Lilley, 154 AD3d 795, 796-797; TCIF REO GCM, LLC v Walker, 139 AD3d at 706).
CONNOLLY, J.P., WOOTEN, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court